MOORE ET AL. *v.* THE HILL CREST CEMETERY ASSN., INC.

(Decided June 4, 1928.)

*Mr. Joseph W. O'Hara, Mr. Alfred T. Fulford* and *Messrs. Nichols & Ridiman,* for plaintiffs.

*Mr. Allen C. Roudebush* and *Mr. William A. Schuberth,* for defendant.

CUSHING, J.   James Moore and other property owners in Anderson township, Hamilton county, Ohio, brought an action against the Hill Crest Cemetery Association, Incorporated, to enjoin that association from using the property described in the petition for cemetery purposes.

The trial court granted a permanent injunction, and the defendant appealed to this court.

But one question of law is presented, and that is the construction to be given to Section 10097 of the General Code.   That section provides:

"The provisions of the two preceding sections shall not be applicable to a corporation or cemetery association, owning a cemetery of less dimensions than four acres and situated within one mile of the corporate limits of a municipality."

Sections 10095 and 10096 provide that property may not be acquired or appropriated for cemetery purposes, nor a cemetery located, within 200 yards of a dwelling house, unless the owner thereof consents.

The pertinent language of Section 10097 is that: "The provisions of the two preceding sections shall not be applicable to a corporation or cemetery association owning a cemetery of less dimensions than four acres."

The record is that there was no cemetery located at the point in question; but the property was acquired and the corporation was in the process of establishing a cemetery, as it claims, on a tract of land 3.84 acres.

The General Assembly on March 22, 1893 (90 Ohio Laws, 103, amending Section 3573, Revised Statutes), provided:

"nor * * * any cemetery located, * * * within two hundred yards of any dwelling house, unless the owner of such dwelling-house gives his consent, or unless the entire tract be so appropriated as a necessary addition to or enlargement of a cemetery already located and used; * * *."

"The provisions of this section shall not be applicable to a corporation * * * owning a cemetery of less dimensions than five acres * * *."

The word "owning," as here used, refers to "a cemetery already located and used" at the time of the enactment of the law.

The law as codified is "owning a cemetery of less dimensions than four acres." This language when considered in connection with prior laws on the same subject means cemeteries not exceeding four acres that had been located and used prior to the enactment of the law. It does not give the right to acquire property and establish a cemetery of less than four acres within the prohibited limits. There is no dispute about this property being within the pro-

hibited limits, and that it was acquired for, and is being prepared for, cemetery purposes.

In this connection it should be noted that prior to July, 1926, Lloyd Lancaster acquired 23 acres of land, 10 of which were transferred to his brother Guy, and he testified, as appears from the record, that he intended to use the whole 23 acres for cemetery purposes. Moore and others protested against the construction of a cemetery at that location. Lancaster transferred 3.84 acres of the land to the cemetery association and undertook to establish a cemetery on this tract. Lloyd and Guy Lancaster were both officers of the cemetery association. They each owned a tract of land adjacent to the cemetery that they were attempting to establish, which if established, could be extended. This is contrary to the provisions of the statute, and would defeat the intention of the Legislature respecting the laws regulating cemeteries and cemetery associations.

A decree perpetually enjoining the defendant from establishing the proposed cemetery will be entered here.

*Injunction allowed.*

HAMILTON, P. J., and MILLS, J., concur.